Shackelford, J.,
delivered the opinion of the Court.
This is an action of covenant, brought in the Cir.cuit Court of Davidson County, against the defendant and sureties, as a constable.
The declaration alleges, that Wilkinson was duly elected constable of District No. 9, of Davidson County; and qualified by giving bond, with the other defendants as his sureties, on the 6th day of March, 1854; and *158 be served to tbe full end of tbe term of bis office, and that during tbe last six months of bis said term of office, and by virtue of bis said office, be collected tbe sum of $675.20, for tbe plaintiff, wbo was then alive, and entitled to receive tbe same.
Tbe terms and conditions of tbe bond are set forth, that be, tbe said Wilkinson, would faithfully discharge tbe duties of bis office, and pay over and account for all money collected by virtue of bis office, to tbe person or persons authorized to receive tbe same.
Tbe declaration avers the said Wilkinson failed and refused to pay over the same, either to tbe testator in bis life time, or to tbe plaintiff, since bis death. The defendants demurred to tbe declaration, and assigned as causes of demurrer, that tbe claim, as alleged, collected by tbe constable, is not sufficiently described, and that tbe defendants are entitled to know by tbe pleadings, what claim was collected, so they can make their defense. Tbe Court sustained tbe demurrer, from which tbe plaintiff appealed.
Tbe question presented for our consideration, is, Are tbe facts stated with sufficient certainty in tbe declaration to maintain tbe action? We think they are. Tbe rule, as to tbe mode of stating facts, is, that they must be set forth with certainty; that is, a clear and distinct statement of tbe facts that constitute a cause of action; Chitty on Pleadings, 233. Less certainty is required, where tbe law presumes tbe knowledge of tbe facts is more properly or particularly in tbe apposite party.
*159 In the case under consideration, the plaintiff avers the defendant collected the sum of money complained of in the declaration; The knowledge of the fact existed with the defendant, and the breach assigned is, that he refused to pay it over according to the terms and conditions of his bond. It was held in a suit on an administrator’s bond: it is sufficient for a plaintiff to state that goods, chattels and sums of large amount, had come into the hands of the administrator, which he had converted to his own use, the creditor not being presumed to know precisely what assets the administrator had received — this fact lying more properly in the knowledge of the defendant: 13 Johnson’s Reports, 437.
Mr. Chitty, in his work on Pleading, 235, says: “Where the subject comprehends a multiplicity of matter and a great variety of facts, then, in order to avoid perplexity, the law allows general pleading and charging in a declaration, that a party has not accounted for sums of money he received, in any particular capacity, from time to time. It is sufficient to allege, generally, that, from time to time, he received divers sums, amounting to a certain sum — not stating on what-particular days, or from named persons — and hath not accounted,” etc. See also, on this point, Stephens on Pleading, 256, and the authorities cited.
We think, in this case, the averments are sufficiently specific: The defendant is alleged to have collected the money, as constable, belonging to plaintiff’s testator? which he failed and refused to pay. The knowledge from whom he collected the money, rests with him *160 sufficient to enable him to make his defense, if he collected the same.
The Circuit Judge erred in sustaining the demurrer.
The judgment will be reversed, and the cause remanded.